**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL KEITH TOSCANO, Jr., *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FRESNO, *et al.*, <br><br>Defendants. | CASE NO.: 1:13-cv-01987-LJO-SKO <br><br> **ORDER TO CONSOLIDATE FOR ALL PURPOSES PURSUANT TO STIPULATION** |
| ANTHONY KEITH TOSCANO, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FRESNO, *et al.*, <br><br>Defendants. | CASE NO.: 1:14-cv-00186-LJO-SKO <br><br> **ORDER TO CONSOLIDATE FOR ALL PURPOSES PURSUANT TO STIPULATION** |

The parties in the above-captioned cases stipulate to consolidation of these actions, which concern the same or substantially identical facts and claims. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The purpose of consolidation is to achieve judicial convenience and economy. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).  However, consolidation is not meant to "merge the suits into a single cause, [] change the rights of the parties, or make those who are parties in one suit parties in another." *Id.*; *see also J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir.

1972) ("the law is clear that an act of consolidation does not affect any of the substantive rights of the parties"). A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (court must weigh benefits of consolidation against "the potential for delay, confusion, or prejudice").

The Court finds that consolidation for all purposes will aid both judicial and party efficiency and that consolidation will not cause delay, confusion, or prejudice. Accordingly, the Clerk of Court is directed to consolidate these cases, with the lowest-numbered case, ***Angel Keith Toscano, Jr., et al. v. City of Fresno, et al.***, **1:13-cv-01987-LJO-SKO**, serving as the lead case. Until further notice, the parties and the Clerk of Court are to file all documents under <u>only</u> the lead case number. Future captions should indicate the lead case number followed by the remaining "member case" numbers as follows:

    **Lead Case:**       **1:13-cv-01987-LJO-SKO**
    **Member Case:**   **1:14-cv-00186-LJO-SKO**

IT IS SO ORDERED.

   Dated:   **May 20, 2014**             **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE