MICHEAL GOLDBERG, SBN 53614
ADAM RUSHING, SBN 292833
GOLDBERG & IBARRA
925 N Street, Suite 130
Fresno, CA 95321
Telephone: (559) 264-4878
Facsimile: (559) 486-4878

ANDREW JONES, ESQ.
Law Offices of Wagner, Jones, Kopfman & Artenian
1111 E. Herndon Ave, Suite 317
Fresno, CA 93720
Telephone: (559) 449-1800
Facsimile: (559) 449-0749

Attorneys for Plaintiffs,
ANTHONY KEITH TOSCANO, JULIAN MATTHEW TOSCANO, ANGEL INFINITY TOSCANO, and JIMMY LEE LONG, individually and as Successors-In-interest to Angel Keith Toscano, deceased, by their Mother and Guardian Ad Litem, SYLVIA MORENO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

ANGEL KEITH TOSCANO, JR., Individually and as successor-in-interest to Angel Keith Toscano, deceased; STEVEN WADE TOSCANO, Individually and as successor-in-interest to Angel Keith Toscano, deceased, by their mother and Guardian Ad Litem, KIMBERLY HENSON; KIMBERLY HENSON as successor-in-interest to heir COLE TOSCANO, now deceased; ANTHONY KEITH TOSCANO, JULIAN MATTHEW TOSCANO, ANGEL INFINITY TOSCANO, and JIMMY LEE LONG, minors, by and through their Guardian Ad Litem, SYLVIA MORENO,

Plaintiffs,

vs.

CITY OF FRESNO, a municipal JERRY DYER, individually and in his Capacity as Chief of Police for the City of

CASE NO. 1:13-cv-01987-LJO-SKO

(CONSOLIDATED WITH CASE NO. CV F 14-0186 LJO SKO)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Date: July 22, 2015
Time: 10:00 a.m.
Courtroom: 9, 16th Floor

Trial Date: February 16, 2016

Fresno, OFFICER JAMES LYON; OFFICER KENNETH WEBB; and DOES 1 through 50, inclusive,

Defendants.

## I. PRELIMINARY MATTERS

Defendants make clear in their Motion for Summary Judgment to the court that defendants do not challenge the plaintiffs' wrongful death claims based upon state law negligence, but rather challenge the basis for plaintiffs' federal civil rights claims.

Plaintiffs are willing to concede certain points outlined in Defendants motion to the court. Firstly, plaintiffs have no objection to the dismissal of defendant, Officer KENNETH WEBB, and secondly, Plaintiffs agree that no valid Monell claim has been shown against the CITY OF FRESNO or Police Chief, JERRY DYER.

The remaining defendants on both the state and federal claims should be the CITY OF FRESNO and Officer LYON.

This opposition is intended to support the claim of an unlawful seizure pursuant to the Fourth Amendment; the substantive due process claim pursuant to the Fourteenth Amendment; and to rebut the defense of qualified immunity of the defendants.

Furthermore, these plaintiffs join in Plaintiffs' Undisputed Material Facts 1-30 (hereinafter "UMF") filed herein and filed in the consolidated case at bar.

## II. UNLAWFUL SIEZURE – FOURTH AMENDMENT

A seizure under the Fourth Amendment is defined as "governmental termination of freedom of movement through means intentionally applied." *Bower vs. County of Inyo 489 U.S. 593, 597 (1989)*. Defendants in the present case contend that no material facts alleged show

Officer LYON's conduct in striking the fleeing bicycle during the chase that killed Mr. Toscano was intentional. Quite to the contrary, plaintiffs offer this opposition complete with requisite facts showing the intentional nature of Officer LYON's conduct. (See UMF 1-30.)

In the case of *Walker v. Davis 649 F.2nd 502 (6th Cir. 2001)*, the court found that an unlawful seizure had occurred when a police cruiser rammed the back of a fleeing motorcycle causing the plaintiff severe injuries. The present case is analogous to the *Walker* decision since plaintiffs can show that defendant Officer LYON rammed the rear tire of Mr. Toscano's bicycle thus causing him to fall and be killed by the onrushing police cruiser.

Defendants' contention that Mr. Toscano was already in the process of falling when his bicycle was struck by Officer LYON's police cruiser is against the weight of the evidence and is in direct conflict with plaintiffs' expert Eugene Vanderpol's opinions submitted in the Rule 26 report. See UMF No. 17, stating in part, "The patrol car operated by Officer Lyon struck the bicycle when it was still upright and before it began to fall; the bicycle only fell to the ground after being bumped by the patrol car." Mr. Vanderpol's declaration at page 2, line 18 through page 3, line 1, states that the physical and photographic evidence showing vertical bike tire striations on the lower horizontal front bumper guard, coupled with subsequent measurements and calculations such as speed and height of the bicycles' tires unequivocally show that Mr. Toscano's bicycle was vertically upright in a 90 degree position prior to being bumped by Officer LYON's cruiser. This fact puts the present case in line with the *Walker* decision since the court in *Walker* found an unlawful seizure when a police cruiser bumped the back tire of a fleeing motorcycle in almost identical circumstances.

In addition to the physical evidence leading to the calculations of Mr. Vanderpol, other undisputed facts also show the intentional conduct of Officer LYON. Officer LYON chased Mr. Toscano for approximately 1,200 feet reaching a speed of 43 mph while failing to activate

emergency lights or siren. (UMF Nos. 1-7) Once the chase proceeded into the narrow alley, Officer LYON also admits exceeding the designated speed limit of 15 mph. (UMF No. 11) Officer LYON, having admitted to exceeding the designated speed limit, proceeds to follow Mr. Toscano at an interval of five feet behind the bicycle. Officer LYON then struck the back tire of Mr. Toscano's bicycle causing Mr. Toscano to fall. (UMF Nos. 13, 15, 17 & declaration of Mr. Vanderpol.)

Officer LYON has denied intentionally striking Mr. Toscano's bicycle and has falsely asserted that Mr. Toscano was already in the act of falling off his bicycle when the police cruiser first made contact. (UMF No. 18) This is a defense that smacks of desperation – a desperate attempt to retroactively justify what was an intentional bumping of Mr. Toscano's rear bicycle tire by Officer LYON. The investigating officer in this case found no evidence of braking or any other evasive maneuver by the police cruiser prior to the impact with Mr. Toscano's bicycle. (UMF No. 16) Officer LYON readily admits that it would violate departmental procedure to knock a fleeing bicycle to the ground and that the use of a police cruiser to strike a fleeing suspect would constitute deadly force. (UMF No. 20) Officer LYON asserts no allegations that the police cruiser in question was defective and maintains that every movement of the police cruiser was directed by his judgment as a highly trained police officer. (UMF No. 14)

The investigating officer in the present case, Detective Hance, found Officer LYON to be the primary collision factor in causing Mr. Toscano's death. Detective Hance ultimately determined that there was enough evidence to forward the matter to the District Attorney's office for potential prosecution of Officer LYON. (UMF Nos. 25-29)

Police procedures expert Mr. Jeffrey Martin, has stated in his declaration attached herein that bumping a bicycle to the ground intentionally constitutes unreasonable force that

would violate the United States constitution as well as police officer training protocols. (UMF No. 30)

As previously discussed above, Officer LYON's contention that he accidently bumped the back tire of Mr. Toscano's bicycle is wholly at odds with the totality of the evidence. Officer LYON violated multiple sections of the California Vehicle Code and did so intentionally with a view to apprehending the fleeing Mr. Toscano. Following Mr. Toscano for over a minute without initiating any active dialogue, exceeding designated speed limits without activating emergency lights or sirens, trailing Mr. Toscano's back tire at a distance of five feet while travelling in excess of the speed limit, and ultimately striking Mr. Toscano's back tire and accelerating over Mr. Toscano's body show a clear pattern of intent to terminate the freedom of movement of Mr. Toscano. The particular decisions and behavior of Officer LYON in the present case violate the requisite practices and procedures of the police department and go far beyond the actions of a merely reckless pursuer. The actions of Officer LYON are well judged, calculated, and designed to cause the apprehension of Mr. Toscano with reckless disregard for the specific physical harm caused to Mr. Toscano. As a result, plaintiffs ask the court to deny defendants' motion for summary judgment.

## III. SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT

The standard adopted in finding a violation of a suspect's substantive due process rights in the confines of police chases has been articulated as being found where there is a "purpose to harm." (Bingue v. Prunechak 512 F.3d 1169, (9th Cir. 2008)) Purpose to harm has been found where an officer's conduct was "deliberately indifferent to human life… [such that] his actions shock the conscience." Bailey v. County of San Joaquin 671 F.Supp.2d 1167 (E.D. California 2009)

Looking at the totality of the evidence, Officer LYON's conduct must shock the conscience. It is obvious that repeated similar conduct will result in more severe injuries and fatalities.

Plaintiffs ask the court this question: if a police cruiser weighing in excess of one ton is travelling at a speed of 19 mph, at a distance of 5 feet behind the rear tire of a fleeing suspect, in a narrow alley with no room for maneuver either left or right, what is the fleeing suspect to do in the event a decision is made to surrender? In other words, plaintiffs maintain that the retroactive construction of a negligence defense by defendants is completely disingenuous and fails to take into account the level of recklessness used to apprehend Mr. Toscano by Officer LYON during the fatal pursuit. As a result, plaintiffs ask the court to deny defendants' motion for summary judgment.

## III. REBUTTAL OF QUALIFIED IMMUNITY DEFENSE

Defendant Officer LYON asserts the defense of Qualified Immunity to the Fourth and Fourteenth Amendment claims. The defense of Qualified Immunity provides that a defendant is not liable for a constitutional violation if the constitutional provision was not so clearly established that a reasonable officer would have known the need to obey the provision.

In the present case it appears that defendant and defendant's own person most knowledgeable in the matters of police training and procedure have served to defeat this defense at the first hurdle. In the deposition of Officer Joseph Gomez (defendants' person most knowledgeable) Mr. Gomez testified that it is contrary to police department policy to run over a fleeing cyclist and furthermore that the action of Officer LYON violated both departmental policy and California Vehicle Code Section 22350.

Since the person most knowledgeable in Fresno Police Department procedures and policy has testified that it is clearly established that an officer shall not strike and run over a fleeing cyclist, it is simply left to determine whether a reasonable officer would have also known this policy. Officer LYON admitted in his deposition that he knew it would violate police department policy to strike a fleeing bicycle and that the action of doing so would constitute the use of deadly force. (UMF No.s 19, 20.) As a result, plaintiffs ask the court to rebut the defense of Qualified Immunity as to defendant Officer LYON.

## IV. CONCLUSION

Plaintiffs join with the consolidated case in this action and agree to dismiss Police Chief Jerry Dyer and Officer Kenneth Webb from the action.

Plaintiffs maintain the Fourth and Fourteenth Amendment federal civil rights claims as well as the state law negligence actions. Subject to the aforementioned Points and Authorities, plaintiffs ask that the court deny defendants' motion for summary judgment on the grounds that the weight of the evidence shows that defendants committed a gross violation of Mr. Toscano's rights under the United States Constitution. The award of summary judgment in favor of defendants will result in a miscarriage of justice as well as great prejudice to the plaintiffs.

DATE: July 7, 2015 Respectfully Submitted,

ADAM RUSHING
Attorney for Plaintiffs