```
 1  JOHN L. ROZIER - SBN 103059
    NELSON & ROZIER
 2  3924 West Caldwell Avenue, Suite A
    Visalia, CA  93277
 3  Telephone: (559) 713-0159
    Facsimile: (559) 713-0166
 4
    Attorneys for Plaintiffs,
 5  ANGEL KEITH TOSCANO, JR., individually
    and as successor-in-interest to Angel
 6  Keith Toscano, deceased;
    STEVEN WADE TOSCANO, individually and as
 7  successor-in-interest to Angel Keith
    Toscano, deceased, by his mother and
 8  Guardian Ad Litem, KIMBERLY HENSON;
    KIMBERLY HENSON as successor-in-interest
 9  to heir COLE TOSCANO, now deceased
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| ANGEL KEITH TOSCANO, JR., individually and as successor-in-interest to Angel Keith Toscano, deceased; STEVEN WADE TOSCANO, individually and as successor-in-interest to Angel Keith Toscano, deceased, by his mother and Guardian Ad Litem, KIMBERLY HENSON; KIMBERLY HENSON as successor-in-interest to heir COLE TOSCANO, now deceased; ANTHONY KEITH TOSCANO, JULIAN MATTHEW TOSCANO, ANGEL INFINITY TOSCANO, and JIMMY LEE LONG, minors, by and through their Guardian Ad Litem, SYLVIA MORENO<br><br>            Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, | CASE NO. 1:13-cv-01987-LJO-SKO<br><br>(CONSOLIDATED WITH CASE NO. CV F 14-0186 LJO SKO)<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  July 22, 2015<br>Time:  10:00 a.m.<br>Courtroom:  9, 6th Floor<br><br>Trial Date:  February 16, 2016 |

---

1

PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL
FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

individually and in his )
capacity as Chief of Police for )
the City of Fresno; OFFICER )
JAMES LYON; OFFICER KENNETH )
WEBB; and DOES 1 through 50, )
inclusive, )
)
    Defendants. )

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Officer Lyon initially chased the decedent for the minor traffic violations of riding a bicycle on the wrong side of the road and failing to stop at a stop sign. | 1. Exhibit A, deposition of Officer Lyon, 16:4-10 |
| 2. Officer Lyon chased the decedent up and down Glenn Avenue and then down an alley for a total of approximately 1,200 feet. | 2. Declaration of Vanderpol, 3:1-10 |
| 3. While traveling on Glenn Avenue before entering the alley, the patrol car operated by Officer Lyon achieved a speed of 43 mph. | 3. Declaration of Vanderpol, 2:14-18 |
| 4. Witness Galvan's impression was that the patrol car went 45 mph down Glenn Avenue during this chase. She remembers thinking "Wow, he's speeding." She also noted that the officer did not have his lights on or anything. | 4. Exhibit B, deposition of Martha Galvan, 23:12-15; 25:23-26. |
| 5. The patrol car fishtailed into the alley still going a little fast; there was a really loud revving sound as the patrol car went down the alley. | 5. Exhibit D, deposition of Omri Orozzo, 15:12-22; 17:20-18:12. |

NELSON & ROZIER
3924 W CALDWELL
SUITE A
VISALIA CA

2

PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL
FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 6. Considering the distance of the chase, the investigating officer, Detective Brian Hance, was of the opinion that even he would have been tired riding a bicycle that distance. | 6. Exhibit C, deposition of Detective Brian Hance, 62:9-63:9. |
| 7. During this chase, Officer Lyon failed to activate his lights and siren. He forgot to activate them. | 7. Exhibit A, deposition of Officer Lyon, 32:9-16; 34:25-35:5 |
| 8. Officer Lyon testified that he nearly always chases cyclists without use of lights or siren. | 8. Exhibit A, deposition of Officer Lyon, 55:7-9. |
| 9. The total chase took between one minute and one and one-half minutes. Officer Lyon admits there was time for the cyclist to deliberate his options (and by analogy for the officer to deliberate his own options.) | 9. Exhibit A, deposition of Officer Lyon, 30:10-23. |
| 10. Just prior to being struck, the decedent was riding his bicycle down a narrow, confined alley. | 10. Declaration of Vanderpol, 3:2-3 |
| 11. Officer Lyon admits exceeding the speed limit in the alley as he pursued the decedent. | 11. Exhibit A, deposition of Officer Lyon, 24:21-25:3 |
| 12. Before striking the decedent, Officer Lyon witnessed that the decedent's right foot kept slipping off the pedal and that he was holding one hand against his chest. | 12. Exhibit A, deposition of Officer Lyon, 44:12-23. |
| 13. As this pursuit ensued, Officer Lyon realized his vehicle posed a danger to the decedent. | 13. Exhibit A, deposition of Officer Lyon, 41:11-14. |
| 14. On the date of the accident, the patrol vehicle | 14. Exhibit A, deposition of Officer Lyon, 59:1-21. |

| | |
|---|---|
| functioned exactly as intended; there was no malfunction that day; Officer Lyon admitted that only he is responsible for the speed of his vehicle; every movement the car made was the movement he intended to make. | |
| 15. As Officer Lyon chased the decedent in the alley, he admits to getting within five feet of the decedent. | 15. Exhibit A, deposition of Officer Lyon, 26:10-12. |
| 16. The investigating officer, Detective Brian Hance, found no evidence of any braking before impact. | 16. Exhibit C, deposition of Detective Brian Hance, 54:10-55:17. |
| 17. The patrol car operated by Officer Lyon struck the bicycle when it was still upright and before it began to fall; the bicycle only fell to the ground after being bumped by the patrol car. | 17. Declaration of Vanderpol; 2:18-3:1 |
| 18. Officer Lyon conceals his conduct of bumping the rear of the upright bicycle by reversing the order and asserting that the bicycle was on its way down before being struck. | 18. Exhibit A, deposition of Officer Lyon, 27:1-12. |
| 19. Officer Lyon admits that he has been taught that it violates departmental procedure to bump a bicycle to the ground; you cannot use a PIT maneuver on a bicycle. | 19. Exhibit A, deposition of Officer Lyon, 36:22-38:8. |
| 20. Officer Lyon further admits that it would constitute a use of deadly force to strike someone intentionally with a vehicle. | 20. Exhibit A, deposition of Officer Lyon, 49:21-50:10 |
| 21. Detective Hance is aware of | 21. Exhibit C, deposition of |

| | |
|---|---|
| another situation where a Fresno police officer struck an upright bicycle during a chase. | Detective Brian Hance, 65:21-66:22. |
| 22. The Fresno Police Department vehicle pursuit policy includes a duty to keep a safe gap in case a suspect stops suddenly. | 22. Exhibit E, deposition of Joseph Gomez, Fresno Police Department Public Information Officer, 46:19-47:14. |
| 23. It violates departmental policy and Vehicle Code §22350 to negligently run over a cyclist. | 23. Exhibit E, deposition of Joseph Gomez, 48:2-11. |
| 24. Officer Lyon had received extensive training on the operation of his patrol car, including how to avoid skidding on dirt surfaces; differing stopping distance; etc. | 24. Exhibit E, deposition of Joseph Gomez, 45:10-46:13. |
| 25. The investigating officer concluded that Officer Lyon was solely responsible for the operation of his vehicle as it functioned properly. | 25. Exhibit C, deposition of Detective Brian Hance, 30:14-31:9. |
| 26. The investigating officer concluded that Officer Lyon was the primary collision factor for this accident. He listed no secondary collision factor. | 26. Exhibit C, deposition of Detective Brian Hance, 28:15-29:5. |
| 27. Both his supervisors and the California Highway Patrol agreed with Detective Hance's assessment of liability for the accident. | 27. Exhibit C, deposition of Detective Brian Hance, 57:21-59:6. |
| 28. Detective Hance was representing the Fresno Police Department in making his conclusion as to liability for the accident. | 28. Exhibit C, deposition of Detective Brian Hance, 60:3-18. |
| 29. The facts of the case were | 29. Exhibit C, deposition of |

PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL
FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NELSON & ROZIER
3924 W CALDWELL
SUITE A
VISALIA CA

| | |
|---|---|
| such that the investigating officer, Detective Brian Hance, turned the matter over to the District Attorney's office for possible prosecution for vehicular manslaughter. | Detective Brian Hance, 28:10-14. |
| 30. The use of a vehicle by Officer Lyon to bump the decedent's bicycle to the ground constituted an unreasonable use of deadly force in violation of police officer training and state and federal law. | 30. See declaration of Jeffrey A. Martin, 3:1-13 |

Dated: July 6, 2015                    NELSON & ROZIER

By _____
John L. Rozier, Attorneys for Plaintiffs, ANGEL KEITH TOSCANO, JR., individually and as successor-in-interest to Angel Keith Toscano, deceased; STEVEN WADE TOSCANO, individually and as successor-in-interest to Angel Keith Toscano, deceased, by his mother and Guardian Ad Litem, KIMBERLY HENSON; KIMBERLY HENSON as successor-in-interest to heir COLE TOSCANO, now deceased