# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL KEITH TOSCANO, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:13-cv-01987-SAB<br><br>Appeal No. 15-16536<br><br>ORDER GRANTING PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS AND DIRECTING THE OFFICE OF THE CLERK TO SERVE A COPY OF THIS ORDER ON THE COURT OF APPEALS FOR THE NINTH CIRCUIT<br><br>(ECF No. 64, 65, 68) |

On September 22, 2015, Plaintiffs Anthony Keith Toscano, Julian Matthew Toscano, Angel Infinity Toscano, and Jimmy Lee Long filed a petition to certify Defendants' interlocutory appeals as frivolous. (ECF No. 64.) Defendants filed an opposition on September 23, 2015. (ECF No. 65.) On September 24, 2015, Plaintiff Angel Keith Toscano and Cole Toscano filed a notice of joinder in the petition to certify the appeal as frivolous. (ECF No. 67.) Plaintiffs filed a reply on September 30, 2015. (ECF No. 68.)

The hearing on the petition took place on October 7, 2015 at 9:00 a.m. Clayton Christenson appeared telephonically on behalf of Plaintiffs. Bruce Praet appeared telephonically on behalf of Defendants. For the reasons set forth below, the Court shall grant the petition to certify the appeal as frivolous.

/ / /

1

**I.**

**BACKGROUND**

The operative complaint in this matter is the First Amended Complaint filed on May 9, 2014. (ECF No. 19.) Plaintiffs allege that on August 23, 2013, Angel Keith Toscano ("the Decedent") was with a friend riding bicycles when Defendants James Lyon and Kenneth Webb attempted to detain the Decedent's friend. The Decedent rode away on his bicycle and Defendant Lyon began pursuing the Decedent in a patrol vehicle. Plaintiff alleges that Defendant Lyon was accelerating in excess of 55 mph down an alley when he struck and killed the Decedent, trapping and crushing his head under a wheel. Plaintiff raises claims under 42 U.S.C. § 1983 for violation of the Decedent's Fourth and Fourteenth Amendment rights, wrongful death, and negligence.

On June 1, 2015, Defendants filed a motion for partial summary judgment. (ECF No. 45.) Defendants sought summary judgment on Plaintiffs' Fourth and Fourteenth Amendment claims against Defendant Lyon and Defendant City of Fresno. On July 24, 2015, the Court issued an order granting the motion for summary judgment in part and denying the motion for summary judgment in part. The Court denied summary judgment with respect to Plaintiff's Section 1983 claims against Defendant Lyon and granted summary judgment with respect to Plaintiff's Section 1983 claims against Defendant City of Fresno. In denying the motion for summary judgment with respect to Defendant Lyon, the Court found that Defendant Lyon was not entitled to qualified immunity.

With respect to Defendant Lyon, the Court recognized that whether a Fourth Amendment violation occurred turns on the question of whether Defendant Lyon intentionally struck the Decedent or whether Defendant Lyon accidentally struck the Decedent. Under County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998), no Fourth Amendment seizure occurred if Defendant struck the Decedent on accident. "[N]o Fourth Amendment seizure would take place where a 'pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit,' but accidentally stopped the suspect by crashing into him." Lewis, 533 U.S. at 844 (quoting Brower v. County of Inyo, 489 U.S. 593, 597 (1989)).

The Court found that there was a genuine dispute of material fact regarding whether Defendant Lyon intentionally struck the Decedent or whether Defendant Lyon accidentally struck the Decedent. Defendant Lyon's testimony and the testimony of Defendants' expert supported the conclusion that the incident was an accident and therefore no Fourth Amendment violation occurred. Plaintiffs' expert testimony supported the conclusion that the incident was intentional and therefore a seizure within the meaning of the Fourth Amendment occurred.

Defendant Lyon appealed the order on the motion for summary judgment on July 31, 2015. (ECF No. 55.) In their petition filed on September 22, 2015, Plaintiffs request that the Court certify that Defendant Lyon's appeal is frivolous.

## II.

## LEGAL STANDARDS

Generally, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, "while a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (citing Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989)). "Accordingly ... a district court may certify in writing that the appeal is frivolous or waived." Id. "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." Id.

## III.

## DISCUSSION

Plaintiffs argue that Defendant's appeal is frivolous because the appeal is based upon disputes over questions of fact rather than an issue of law. Plaintiffs argue that an interlocutory appeal regarding the issue of qualified immunity is appropriate for issues of law, but they are not appropriate where the qualified immunity determination depends on disputed issues of material

1  fact.  See Wilkins v. City of Oakland, 350 F.3d 949, 951 (9th Cir. 2003).  Plaintiffs contend that
2  Defendant's appeal is not based upon an issue of law since the Court's denial of Defendant's
3  motion for summary judgment was based upon the Court's finding that a genuine issue of
4  material fact exists as to whether Defendant Lyon intentionally or accidentally struck the
5  Decedent while Defendant Lyon was driving a patrol car and the Decedent was on a bicycle.

6       In their opposition, Defendant cites Binque v. Prunchak, 512 F.3d 1169, 1172 (9th Cir.
7  2007), for the proposition that an interlocutory appeal on the denial of qualified immunity is
8  proper even upon a finding of a material issue of fact in two circumstances.  First, the appeal
9  may be proper to determine whether the denial of qualified immunity is proper by assuming the
10 facts asserted by the non-moving party.  Id.  Second, the appeal may be proper to determine
11 whether the Court erred in determining that the disputed facts were material.  Id.

12      Although Defendant is correct that an interlocutory appeal may be proper in the
13 circumstances identified in Binque, Defendant has not demonstrated that he possesses a non-
14 frivolous appeal under either circumstance.

15      The disputed material fact identified in the Court's order denying summary judgment was
16 whether Defendant Lyon drove the patrol car to intentionally bump the Decedent on his bicycle
17 or whether Defendant Lyon accidentally ran over the Decedent.  Defendant introduced evidence
18 supporting his contention that there was no requisite intent: Defendant Lyon stated during his
19 deposition that the Decedent fell down in front of the patrol vehicle and Defendant Lyon could
20 not stop.  Defendant also submitted portions of the deposition of Detective Brian Eric Hance,
21 who testified that he reconstructed the accident scene and determined that the Decedent's bicycle
22 was falling down as Defendant Lyon's patrol car was approaching.

23      Plaintiff submitted evidence from an expert who opined that the bicycle was at a 90
24 degree angle when it was struck by Defendant Lyon, rebutting Defendant's contention that the
25 Decedent was falling over on his bicycle before he was struck by Defendant Lyon.

26      Based upon Defendant's opposition, the sole argument Defendants intend to raise on their
27 appeal is their argument that it is irrelevant whether the bicycle was at a 90 degree angle.
28 Defendant argues that Defendant Lyon is entitled to qualified immunity even accepting

4

Plaintiffs' version of the facts. However, Defendant offers no argument or case law supporting this contention. The Court found that the angle of the bicycle at the moment of impact was material because it tended to show that Defendant Lyon's actions were intentional. If the trier of fact accepted the testimony of Plaintiff's expert and found that the Decedent's bicycle was upright at a 90 degree angle, it would directly rebut Defendant Lyon's testimony that the Decedent was falling over on his bicycle prior to the impact. The trier of fact could then question the credibility of all of Defendant Lyon's testimony regarding whether his actions were intentional or accidental.

Further, the angle of the bicycle is material because it serves as circumstantial evidence of whether Defendant Lyon's actions were intentional. If the bicycle was falling over, it serves as circumstantial evidence that the incident was an accident because it was caused by sudden deceleration of the Decedent and his bicycle that was not anticipated by Defendant Lyon. The opposite inference could be made if the bicycle was fully upright and not falling over. If Plaintiffs can show there was no sudden deceleration of the Decedent and his bicycle and the Decedent had been operating his bicycle at a steady, predictable pace, this would support the inference that Defendant Lyon's actions were intentional, because he struck the Decedent in circumstances where there was no unanticipated change in the Decedent's speed or direction of travel.

Defendant argues that the angle of the Decedent's bicycle at the moment of impact is nothing more than a "metaphysical" showing of doubt as to the material facts. As set forth above, this is not the case. The angle of the Decedent's bicycle is directly relevant in two ways. First, if the bicycle was upright at the moment of impact, it would support Plaintiff's conclusion that Defendant Lyon's actions were intentional. In fact, Defendant relies on the angle-of-the-bicycle theory himself, as he argued that the fact that the bicycle was tipped over tended to show that the incident was an accident. Second, if the bicycle was upright at the moment of impact, it would directly rebut Defendant Lyon's testimony that the Decedent was falling over before he was struck. Thus, the evidence challenges the credibility of Defendant Lyon's testimony.

Defendant offers no other non-frivolous theory that could be presented upon appeal.

1    Accordingly, the Court will grant the petition and certify Defendant's appeal as frivolous.

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Defendant's appeal is frivolous.

Accordingly, it is HEREBY ORDERED that

1. Plaintiffs' September 22, 2015 petition to certify Defendant's appeal as frivolous is GRANTED;

2. The Court certifies Defendant's July 31, 2015 appeal as frivolous and Defendant has forfeited his right to pretrial appeal; and

3. The Office of the Clerk is DIRECTED to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **October 19, 2015**

UNITED STATES MAGISTRATE JUDGE