# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGEL KEITH TOSCANO, JR., et al.,

Plaintiffs,

v.

CITY OF FRESNO, et al.,

Defendants.

Case No. 1:13-cv-01987-SAB

ORDER DISREGARDING STEVEN WADE TOSCANO'S PETITION FOR MINOR'S COMPROMISE AND DIRECTING MINOR PLAINTIFFS TO FILE A PETITION FOR MINOR'S COMPROMISE WITHIN FOURTEEN DAYS

(ECF No. 81)

This action is brought by Plaintiffs Angel Keith Toscano, Jr., the decedent's oldest child on his own behalf; Steven Wade Toscano, a minor, decedent's third oldest child, through his guardian ad litem Kimberly Henson; Kimberly Henson as successor in interest to Cole Toscano, deceased, who was decedent's second eldest child and a minor at the time of the incident; Anthony Keith Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; Julian Matthew Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; Angel Infinity Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; and Jimmy Lee Long, a minor, decedent's ward, through his guardian ad litem Sylvia Moreno. (ECF No. 19 at ¶ 2.)

Following the July 24, 2015 order granting in part and denying in part Defendants' motion for summary judgment, this action is proceeding against Defendant Lyon on Plaintiff's

claims arising under the Fourth and Fourteenth Amendments; and against Defendants Lyon and the City of Fresno on the state law claims. (ECF No. 54.)

On July 31, 2015, Defendants filed a notice of appeal which was forwarded to the Ninth Circuit Court of Appeals. (ECF Nos. 55, 56.) On October 19, 2016, this Court granted Plaintiffs' petition to certify Defendants' appeal as frivolous. (ECF No. 70.) On October 18, 2015, the Ninth Circuit issued an order granting Defendants' motion to stay this action while the appeal was pending. (ECF No. 71.)

On November 28, 2016, the parties filed a joint status report and notice of settlement stating that a settlement was reached in this action as a result of negotiations with the Ninth Circuit mediator. (ECF No. 79.) On December 1, 2016, an order issued lifting the stay in this action and ordering the parties to file dispositional documents within sixty days. (ECF No. 80.) On December 8, 2016, Plaintiff Steven Wade Toscano filed the instant petition for minor's compromise. (ECF No. 81.)

Plaintiff Steven Wade Toscano filed a Judicial Counsel of California form in this action. Plaintiff is advised that in the Eastern District the minor's compromise is addressed by Local Rule 202(b) which states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise....

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and "whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any

compensation, from whom, and the amount." Local Rule 202(c).

The Court finds that the Judicial Counsel form does not address all the considerations set forth by Local Rule 202(b), specifically the form does not set forth the nature of the causes of actions to be settled or compromised. Further the Local Rule provides that the petition be set for hearing and no hearing was set in this instance. Accordingly, the petition for minor's compromise filed on December 8, 2016 shall be disregarded.

Having reviewed the current petitioner to determine if the requirements of Rule 202 were met, the Court finds it appropriate to address an area of concern in the petition. The current petition states that the minor will receive slightly over $50,000.00 to be placed in a blocked account and that such funds shall be distributed to the minor when he attains the age of 18 years. The Court is concerned that distributing such a large sum of money to the minor upon reaching the age of 18 would not be in the minor's best interest. The Court very strongly encourages the parent to reconsider distributing the full amount upon the minor reaching the age of 18. There are other options available such as purchasing an annuity which will spread the distribution out over a greater period of time and delay payment of the greatest portion of it until the minor is closer to 25 years of age. Addressing the settlement in such a manner would increase the gross payout substantially and protect the minor from a young adult's often immature judgment.

Additionally, the Court notes that there are claims of five minors that are proceeding in this action and only one minor has filed a petition for minor's compromise. Due to the notice of settlement, the parties in this action shall file a petition for minor's compromise. Plaintiffs are directed to Local Rule 202 for the requirements of a minor's compromise in federal court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Steven Wade Toscano's petition for minor's compromise is DISREGARDED; and

2. Within fourteen (14) days of the date of service of this order, the minor Plaintiffs shall file a petition for minor's compromise that complies with Local Rule 202.

IT IS SO ORDERED.

Dated: **December 14, 2016**

UNITED STATES MAGISTRATE JUDGE