# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL KEITH TOSCANO, JR., et al., | Case No. 1:13-cv-01987-SAB |
| Plaintiffs, | ORDER APPROVING MINORS' COMPROMISE |
| v. | (ECF No. 83, 86, 87, 88, 89, 91, 93, 96, 97, 100) |
| CITY OF FRESNO, et al., | |
| Defendants. | THIRTY DAY DEADLINE |

Currently before the Court are Plaintiff Steven Wade Toscano, Anthony Keith Toscano, Angel Infinity Toscano and Julian Matthew Toscano's petitions for minor's compromise.

## I.

## BACKGROUND

On August 23, 2013, at approximately 7:30 p.m., decedent Angel Keith Toscano and his friend were riding bicycles in the vicinity of Princeton and Glenn Avenues in the City of Fresno. Officers James Lyon and Kenneth Webb attempted to conduct a traffic stop. While his friend stopped, the decedent rode away and Officer Lyon gave chase. During the chase, the decedent was run over by Officer Lyon's patrol vehicle.

Plaintiffs, as successors-in-interest, filed this action on December 4, 2013. (ECF No. 1.) This action is brought by Plaintiffs Angel Keith Toscano, Jr., the decedent's oldest child on his own behalf; Steven Wade Toscano, a minor, decedent's third oldest child, through his guardian ad litem Kimberly Henson; Kimberly Henson as successor in interest to Cole Toscano, deceased, who was decedent's second eldest child and a minor at the time of the incident; Anthony Keith

Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; Julian Matthew Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; Angel Infinity Toscano, a minor, decedent's natural child, through his guardian ad litem Sylvia Moreno; and Jimmy Lee Long,[1] decedent's ward, through his guardian ad litem Sylvia Moreno.  (ECF No. 19 at ¶ 2.)  On May 9, 2014, Plaintiffs filed a first amended complaint against Defendants City of Fresno, Chief Jerry Dyer, Officer James Lyon, and Officer Kenneth Webb alleging violations of the Fourth and Fourteenth Amendments and state law claims.  (ECF No. 19.)  Defendants filed a motion for summary judgment on July 1, 2015.  (ECF No. 45.)  On July 15, 2015, Defendants Jerry Dyer and Kenneth Webb were dismissed from this action at the stipulation of the parties.  (ECF No. 52.)  On July 24, 2015, an order issued granting in part Defendants' motion for summary judgment.  (ECF No. 54.)  Following the July 24, 2015 order, this action is proceeding against Defendant Lyon on Plaintiff's claims arising under the Fourth and Fourteenth Amendments; and against Defendants Lyon and the City of Fresno on the state law claims.  (ECF No. 54.)

On July 31, 2015, Defendants filed a notice of appeal which was forwarded to the Ninth Circuit Court of Appeals.  (ECF Nos. 55, 56.)  On October 19, 2016, this Court granted Plaintiffs' petition to certify Defendants' appeal as frivolous.  (ECF No. 70.)  On October 18, 2015, the Ninth Circuit issued an order granting Defendants' motion to stay this action while the appeal was pending.  (ECF No. 71.)

On November 28, 2016, the parties filed a joint status report and notice of settlement stating that a settlement was reached in this action as a result of negotiations with the Ninth Circuit mediator.  (ECF No. 79.)  On December 1, 2016, an order issued lifting the stay in this action and ordering the parties to file dispositional documents within sixty days.  (ECF No. 80.)  On December 8, 2016, Plaintiff Steven Wade Toscano filed a petition for minor's compromise.  (ECF No. 81.)  On December 14, 2016, an order issued disregarding Steven Wade Toscano's petition for minor's compromise and requiring the minor plaintiffs to file petitions for minor's

---

[1] While Jimmy Long was a minor at the time this action was filed he has since reached adult status.

1 compromise within fourteen days. (ECF No. 82.)

2 On December 28, 2016, Steven Wade Toscano filed a renewed petition for minor's
3 compromise. (ECF No. 83.) When the other minors did not file petitions as ordered, an order to
4 show cause issued on January 5, 2017. (ECF No. 84.) On January 13, 2017, petitioners' counsel
5 filed a declaration in response to the order to show cause, Anthony Keith Toscano, Angel
6 Infinity Toscano, and Julian Matthew filed petitions for minors' compromise, Defendants filed a
7 statement of nonopposition, and an order issued discharging the order to show cause. (ECF Nos.
8 85-90.) On January 17, 2017, Steven Wade Toscano filed an amended petition for minor's
9 compromise. (ECF No. 91.) On January 26, 2017, Steven Wade Toscano filed a supplement to
10 the petition for minor's compromise. (ECF No. 93.) On February 6, 2017, all minors filed a
11 supplement to the petitions for minor's compromise. (ECF Nos. 96, 97.) On February 14, 2017,
12 Plaintiff Steven Wade Toscano filed an amended structured settlement proposal. (ECF No. 100.)

## II.

## LEGAL STANDARD

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise....

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and "whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." Local Rule 202(c).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

## III.

## DISCUSSION

The petitions set forth the required information. Angel Infinity Toscano is 10 years of age, Anthony Keith Toscano is 13 years of age, Julian Matthew Toscano is 4 years of age, and Steven Wade Toscano is 16 years of age. The minors' claims are based on the death of their father, Angel Keith Toscano, on August 23, 2013 when he was ran over and killed while he was being pursued by Fresno Police Officer James Lyon.

The minor Steven Wade Toscano is represented by John Rozier who was retained by the petitioner's guardian ad litem. The fee agreement provides for a contingency fee of 33 1/3 percent of any recovery and reimbursement of costs. Petitioners' attorney has not received compensation in addition to that requested in the instant petitions and did not become concerned with this matter at the direction of any other party or insurance carrier. Counsel will receive $22,777.00 from Kimberly Henson and Angel Toscano, and $17,082.75 from Steven Wade Toscano. Counsel has expended costs of $16,404.74 and will receive a pro rata share of $5,468.25 from each represented plaintiff.

Minors Anthony Keith Toscano, Angel Infinity Toscano, and Julian Matthew Toscano are represented by Michael Goldberg who was retained by their guardian ad litem. The fee agreement provides for a contingency fee of 25 percent of the gross settlement amount and

reimbursement of costs. Petitioners' attorney has not received compensation in addition to that requested in the instant petitions and did not become concerned with this matter at the direction of any other party or insurance carrier. Counsel will receive $27,683.28 from each of the minors Anthony Keith Toscano, Julian Matthew Toscano, and Angel Infinity Toscano, and $45,000.00 from Jimmy Lee Long. Counsel has expended costs of $7,067.52 and will also receive a pro rata share of costs of $1,766.88[2] attributed to each plaintiff.

The parties in this action have settled for $675,000.00 to be distributed as follows:

| | |
|---|---|
| Angel Keith Toscano, Jr. | $75,000.00 |
| Steven Wade Toscano | $75,000.00 |
| Kimberly Henson, as successor in interest to Cole Toscano | $75,000.00 |
| Anthony Keith Toscano | $112,500.00 |
| Julian Matthew Toscano | $112,500.00 |
| Angel Infinity Toscano | $112,500.00 |
| Jimmy Lee Long | $112,500.00 |

(ECF Nos. 83, 86, 87, 88.)

The disparity in the distribution to the minors is based upon the fact that at the time of his death, the decedent had moved out of the home of the older children and was living with the younger children and that minor Steven Wade Toscano was not aware that the decedent was his father until after a post mortem DNA test.

The net payment to each minor under the proposed settlement is:

| | |
|---|---|
| Steven Wade Toscano | $52,449.00[3] |
| Anthony Keith Toscano | $83,049.84 |
| Julian Matthew Toscano | $83,049.84 |
| Angel Infinity Toscano | $83,049.84 |

Having considered the unopposed petitions, the Court finds that the net payments to the

---

[2] Plaintiff's petition states that the pro rata share for each plaintiff is $1,788.88; however, this appears to be a typographical error.

[3] Plaintiff's amendment to the petition states that the net settlement is $52,448.92. (ECF No. 96.) However, this appears to be in error based on the documentation provided in support of the petition.

minors as set forth is fair and reasonable in light of the facts of the case, the minors' specific claims, and recoveries in similar cases. See R.D.G. v. City of Bakersfield, No. 1:13-CV-02057 JLT, 2015 WL 5732615, at *2 (E.D. Cal. Sept. 28, 2015) (approving minor's compromise for net amount of $5,902.94 for each minor for death of minors' father during arrest); I.R v. City of Fresno, No. 1:12-CV-00558-AWI, 2015 WL 150808, at *4 (E.D. Cal. Jan. 12, 2015), report and recommendation adopted sub nom. I.R. v. City of Fresno, No. 1:12-CV-00558-AWI, 2015 WL 403978 (E.D. Cal. Jan. 28, 2015) (approving minor's compromise for $5,000.00 each for death of two minors' father after arrest); Frary v. Cty. of Marin, No. 12-CV-03928-MEJ, 2015 WL 575818, at *3 (N.D. Cal. Feb. 10, 2015) (approving minor's compromise for net amount of $92,305.48 for death of minor's father while in custody); E.S. by & through Gonzalez v. City of Visalia, No. 1:13-CV-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving minor's compromise for net settlement of $130,444.83 in death of minor's father); Hagan v. California Forensic Med. Grp., No. 2:07-CV-1095 LKK AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013), report and recommendation adopted, No. 2:07-CV-1095 LKK AC, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013) (approving minor's compromise of $15,000.00 for death of minor's father while in custody).

The method of disbursement also seems to be fair and reasonable as the parties have agreed to purchase a structured annuity with payments to be disbursed over a period of years. The Court finds this is in the best interest of the minors as it spreads the settlement proceeds for a period of time which increases the payout and protects the minor from potential loss or waste of a single lump payment upon reaching the age of eighteen.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Steven Matthew Toscano, Anthony Keith Toscano, Angel Infinity Toscano, and Julian Matthew Toscano's petitions for approval of minor's compromise are GRANTED and the settlement is APPROVED;

2. Defendants shall prepare and deliver the settlement fund proceeds within fourteen

6

1     days from the date of service of this order;

2 3. The minor Plaintiffs costs and attorney fees are fair and reasonable and shall be awarded as follows:

    a. From the total gross settlement, John Rozier shall receive attorney fees of $17,082.75 and costs of $5,468.25 for a total of $22,551.00 from the settlement of Steven Wade Toscano's claims;

    b. From the total gross settlement, Michael Goldberg shall receive attorney fees of $27,683.28 and costs of $1,766.88 from each of the minors Anthony Keith Toscano, Julian Matthew Toscano, and Angel Infinity Toscano for a total of $88,350.48 for the settlement of their claims;

    c. From the total gross settlement, a structured annuity shall be purchased for the minors as follows:

        i. An annuity with USAA Annuity Services Corporation shall be purchased for Angel Infinity Toscano in the amount of $83,049.84 with periodic payments to be made as follows:

            1) $5,000.00 payable annually, guaranteed for 4 years, which is 4 payments, beginning on 8/7/2024, with the last guaranteed payment on 8/7/2027;

            2) $25,000.00 guaranteed lump sum payment on 8/7/2030;

            3) $35,000.00 guaranteed lump sum payment on 8/7/2033;

            4) $54,701.00 guaranteed lump sum payment on 8/7/2036;

        ii. An annuity with USAA Annuity Services Corporation shall be purchased for Anthony Keith Toscano in the amount of $83,049.84 with periodic payments to be made as follows:

            1) $5,000.00 payable annually, guaranteed for 4 years, which is 4 payments, beginning on 6/4/2021, with the last guaranteed payment on 6/4/2024;

            2) $20,000.00 guaranteed lump sum payment on 6/4/2027;

            3) $30,000.00 guaranteed lump sum payment on 6/4/2030;

            4) $49,220.00 guaranteed lump sum payment on 6/4/2033;

  iii. An annuity with USAA Annuity Services Corporation shall be purchased for Julian Matthew Toscano in the amount of $83,049.84 with periodic payments to be made as follows:

1) $5,000.00 payable annually, guaranteed for 4 years, which is 4 payments, beginning on 11/16/2030, with the last guaranteed payment on 11/16/2033;

2) $30,000.00 guaranteed lump sum payment on 11/16/2036;

3) $40,000.00 guaranteed lump sum payment on 11/16/2039;

4) $72,871.00 guaranteed lump sum payment on 11/16/2042;

  iv. An annuity with Met Life shall be purchased for Steven Wade Toscano in the amount of $52,449.00 with periodic payments to be made as follows:

1) $5,000.00 payable annually, guaranteed for 6 years, which is 6 payments, beginning on September 20, 2018, with the last guaranteed payment on September 20, 2023;

2) $10,000.00 guaranteed lump sum payment on September 20, 2024;

3) $17,624.69 guaranteed lump sum payment on September 20, 2025; and

4. The parties shall file dispositional documents within thirty (30) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **February 15, 2017**

UNITED STATES MAGISTRATE JUDGE