# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL KEITH TOSCANO, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:13-cv-01987-SAB <br><br> ORDER GRANTING PLAINTIFF STEVEN WADE TOSCANO'S MOTION TO CORRECT CLERICAL ERROR NUNC PRO TUNC <br><br> ORDER VACATING MARCH 7, 2018 HEARING <br><br> (ECF No. 106) |

Currently pending before the Court is Plaintiff Steven Wade Toscano's motion to correct a clerical error nunc pro tunc in the Court's order approving minor's compromise, which was issued on February 15, 2017. (ECF No. 106.) The Court finds that it is unnecessary to wait for Defendants to file a response prior to addressing the motion. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set for March 7, 2018, will be vacated and the parties will not be required to appear at that time.

On December 8, 2016, Steven Wade Toscano filed a petition for minor's compromise, which was found to be insufficient and disregarded. (ECF No. 81.) On December 28, 2016, Steven Wade Toscano filed another petition for minor's compromise, which indicated that the annuity would be purchased with Met Life. (ECF No. 83.) On January 17, 2017, he filed an

1

amended petition for minor's compromise, which indicated that the annuity would be purchased with Met Life. (ECF No. 91.) He filed a copy of the attorney fee agreement on January 26, 2017, and a supplement addressing the expenses incurred in this action on February 6, 2017. (ECF Nos. 93, 96.) On February 9, 2017, Plaintiff filed a supplement indicating that the annuity would be with United of Omaha Life Insurance Company. (ECF No. 98.) On February 9, 2017, the Court noted that Steven Wade Toscano's net settlement was incorrectly set forth in his February 6, 2017 supplement and ordered him to file an amended annuity payout. (ECF No. 99.)

On February 14, 2017, Steven Wade Toscano filed a supplement regarding the amended annuity payout. (ECF No. 100.) In the text of the February 14, 2017 supplement, he stated that the annuity was with Met Life. (ECF No. 100 at 2.) He also attached the structured settlement proposal document detailing the updated payout amounts based on new net settlement amounts, which was from United of Omaha Life Insurance Company. (ECF No. 100 at 3.)

On February 15, 2017, the Court issued an order granting the minors' petitions for approval of minor's compromise and approving the settlement. (ECF No. 101.) The Court ordered that from the total gross settlement, a structured annuity shall be purchased for Steven Wade Toscano with Met Life in the amount of $52,449.00 with periodic payments. (ECF No. 101.)

On February 21, 2018, Steven Wade Toscano filed a motion to correct a clerical error nunc pro tunc in the Court's order approving minor's compromise. (ECF No. 106.) Steven Wade Toscano moves to correct the name of the annuity carrier for his net settlement amount. He states that he erred in the February 14, 2017 supplement by stating that the annuity was with Met Life when it actually was with United of Omaha Life Insurance Company. He asks the Court to correct the name of the annuity carrier to United of Omaha Life Insurance Company so that his annuity contract can be issued by United of Omaha Life insurance Company.

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). When determining whether a mistake may be corrected under Rule 60(a), the Ninth Circuit "focuses on what the court

2

*originally intended* to do." Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir.1987) (citations omitted) (emphasis in the original). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*." Id. n. 2 (emphasis in the original). The court may change an order to reflect both the actual intentions and the necessary implications of the court. See Jones & Guerrero Co., Inc. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981). "A clerical error does not need to be made by a clerk." Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing Jones, 650 F.2d at 1074).

Here, the order approving minor's compromise states that Steven Wade Toscano's annuity funds are to be placed into an annuity with Met Life, when the actual annuity carrier is United of Omaha Life Insurance Company. While Steven Wade Toscano's petition to approve his minor's compromise was pending, the company that his settlement funds would be placed into an annuity with changed from Met Life to United of Omaha Life Insurance Company. The text of Steven Wade Toscano's February 14, 2017 supplement indicates that the annuity is with Met Life. (ECF No. 100 at 2.) Although the Court could have checked that the name of the annuity carrier on the structured settlement proposal document matched the name in the text of Steven Wade Toscano's February 14, 2017 supplement, the Court used the name of the annuity company in the text of the supplement, Met Life, in its order approving the minor's compromise. The Court intended to approve Steven Wade Toscano's petition for minor's compromise and the structured settlement proposal that he submitted on February 14, 2017. However, the order states the wrong name of the annuity carrier. Therefore, there has been a clerical error regarding the name of the annuity carrier. Accordingly, the Court shall correct the clerical error nunc pro tunc by amending the name of the annuity carrier for Steven Wade Toscano in the order approving minor's compromise from Met Life to United of Omaha Life Insurance Company.

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Steven Wade Toscano's motion to correct a clerical error nunc pro tunc in the Court's order approving minor's compromise is GRANTED;

2. The order approving minor's compromise (ECF No. 101) issued on February 15, 2017, is amended nunc pro tunc at page 8, line 9 to state: "An annuity with United of Omaha Life Insurance Company shall be purchased for Steven Wade Toscano…"; and

3. The March 7, 2018 hearing on Steven Wade Toscano's motion to correct a clerical error nunc pro tunc is VACATED.

IT IS SO ORDERED.

Dated: __March 1, 2018__

_____
UNITED STATES MAGISTRATE JUDGE